E-FILED
Tuesday, 05 October, 2004  02:22:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 03-C-3059 |
| ) | |
| UNITED STATES OF AMERICA, ) | Hon. Richard Mills |
| ) | |
| Respondent. ) | |

**MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

Petitioner Charles R. Robinson, IV, by his undersigned attorneys, hereby moves the Court, pursuant to Fed. R. App. P. 10(e), Cir. R. 10(b) and CDIL-LR 7.1, to modify the record in the above-captioned case. The grounds for this motion, as more fully set forth below and in the Declaration of Brian E. Cothroll, are as follows:

On June 3, 2004, the United States Court of Appeals for the Seventh Circuit appointed the undersigned to represent petitioner-appellant Charles R. Robinson, IV in appeal no. 04-1223 pursuant to the provisions of the Criminal Justice Act.  As part of its order, the Seventh Circuit asked that counsel address, in addition to any other potential issues, Mr. Robinson's claim that his defense counsel's failure to re-voir dire the jury following an 18-day recess at trial constituted ineffective assistance of counsel.  Petitioner-appellant's opening brief is currently due on October 15, 2004. Declaration of Brian E. Cothroll ("Cothroll Decl.") ¶¶ 1, 4.

I.   **Petitioner Seeks to Include the Record in the Underlying Criminal Case.**

The Seventh Circuit forwarded with the order the original record of the habeas proceedings, which included (among other things) Mr. Robinson's petition for a writ of habeas corpus, a supporting memorandum of law, and this Court's decisions on Mr. Robinson's petition and certificate of appealability. Cothroll Decl. ¶ 7. Since the record in this case did not include the record in Mr. Robinson's underlying criminal case, case no. 97-CR-30025, counsel moved this Court to withdraw the record on or about July 21, 2004. This Court granted that motion on July 29, 2004. Cothroll Decl. ¶ 8.

Although this Court granted counsel's motion, counsel never received a copy of that order. As a result, in mid-August 2004, counsel reviewed the docket report on the Central District of Illinois' PACER website and learned that the motion to withdraw the record had been granted. Having not received the record and uncertain as to its status, counsel contacted the office of the clerk of this Court on or about August 18, 2004. During that conversation, the clerk's office informed counsel that they were not aware that the motion had been granted, and that the record in case no. 97-CR-30025 had not been forwarded. Cothroll Decl. ¶ 9.

Following that conversation, on September 1, 2004, counsel received two boxes containing eight volumes of transcript and four volumes of pleadings, which comprise the record in case no. 97-CR-30025. Since receiving the record, counsel has reviewed it in order to address the issues presented on appeal including the ineffective assistance issue specifically raised by Seventh Circuit. Cothroll Decl. ¶ 10.

As noted to this Court in a previous motion, the record did not include a transcription of the November 14, 1997 hearing during which voir dire was conducted and the jury was impaneled. This transcription was necessary to address the above-mentioned issue raised by Seventh Circuit. Cothroll Decl. ¶ 11. As this hearing had never been transcribed, on August 3, 2004, following conversations with the clerk's office and the federal defender's office regarding local procedure for obtaining transcripts pursuant to the Criminal Justice Act, counsel requested the transcription of the November 14 hearing. Counsel received that transcript on or about September 20, 2004. Cothroll Decl. ¶ 12.

After reviewing the record and November 14, 1997 transcript, counsel has determined that it is necessary to supplement the record on appeal in the above-captioned matter to include both these items. Currently, the original record in case no. 97-CR-30025 and a copy of the November 14 transcript are in the possession of counsel and are needed to prepare for the submission of petitioner-appellant's brief to the Seventh Circuit, which is due on October 15, 2004. Counsel proposes to submit the record in case no. 97-CR-30025 and the November 14, 1997 transcript to this Court for certification to the Seventh Circuit when it submits petitioner's opening brief.

Counsel for Mr. Robinson has spoken with Assistant United States Attorney Gregory M. Gilmore, counsel for the government, and Mr. Gilmore has stated that he has no objection to Mr. Robinson's motion to supplement the two aforementioned items. Cothroll Decl. ¶ 13.

001.1707582.1

II.   **Petitioner Seeks to Include Newspaper Articles Referred to in Petitioner's *Pro Se* Habeas Petition.**

Additionally, counsel seeks to include in the record, by way of declaration, copies of newspaper articles obtained from the Springfield, Illinois State-Journal Register's archival website. Cothroll Decl. ¶ 14, Exs. A-E. These five articles, which reference various drug-related crimes, were published in the State-Journal Register between November 14, 1997 and December 2, 1997. This time frame constitutes the 18-day hiatus that serves as the basis for Mr. Robinson's ineffective assistance of counsel claim that the Seventh Circuit requested current counsel address. Cothroll Decl. ¶ 15.

The necessity of incorporating these articles in the record is Mr. Robinson's contention that the jury may have been improperly influenced by drug-related newspaper articles that were published during the 18-day recess after the jury was impaneled (when it was made of aware of the drug-related indictments against Mr. Robinson). Since Mr. Robinson's trial counsel failed to re-voir dire the jury and ascertain whether such an improper taint existed, Mr. Robinson contends he did not receive effective assistance of counsel within the meaning of the Sixth Amendment. Because of the Seventh Circuit's admonition that ineffective assistance of counsel claims should not be raised on direct review, *see United States v. Morgan*, __ F.3d __, No. 03-4042, 2004 WL 2066055, *4 (7th Cir. Sep. 16, 2004), this issue (and thus the articles) never arose in case no. 97-CR-30025.

4

001.1707582.1

Neither has this Court had occasion to address this issue in the instant action. Because the Court procedurally barred Mr. Robinson's *pro se* petition for a writ of habeas corpus, it never reached the merits of his petition (including this issue) and had no occasion to incorporate these articles into the record. While Mr. Robinson could have attached them to his *pro se* petition, as a *pro se* litigant it is doubtful he understood the consequences of failing to do so.

To effectively present this issue to the Seventh Circuit as requested, counsel needs to present the basis for Mr. Robinson's claim of ineffective counsel. Fed. R. App. P. 10(e) states that upon motion to the district court, a party may supplement material information omitted by error or accident. Although Mr. Robinson's petition referred to these articles (with the exception of one which was found by counsel while retrieving the others) in his *pro se* petition, omission of these articles, in light of his *pro se* status at the time the petition was filed, is an error which this Court can, and should correct pursuant to Fed. R. App. P. 10(e).

III.    **Conclusion.**

Therefore, Mr. Robinson respectfully requests that this Court grant his motion to supplement the record to include the record in case no. 97-CR-30025, the November 14, 1997 transcript, and the five articles attached to the Cothroll Declaration as Exhibits A-E.

001.1707582.1

Dated: October 1, 2004.

Respectfully submitted,

*[signature]*

Thomas L. Shriner, Jr., WI Bar No. 1015208
Michael A. Bowen, WI Bar No. 1016965
Brian E. Cothroll, WI Bar No. 1045548

Attorneys for Petitioner, CHARLES ROBINSON

FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Voice: 414.271.5567 (BEC)
Fax: 414.297.4900
Email: bcothroll@foley.com