E-FILED
Friday, 23 September, 2005 03:54:56 PM
Clerk, U.S. District Court, ILCD

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

**NOTICE OF ISSUANCE OF MANDATE**

FILED
SEP 2 1 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DATE: September 20, 2005

TO: John M. Waters
United States District Court
Central District of Illinois
151 U.S. Courthouse
600 E. Monroe Street
United States Courthouse & Federal Building
Springfield, IL 62701

FROM: Gino J. Agnello, Clerk

RE: 04-1223
Robinson, Charles R. v. USA
03 C 3059, Richard Mills, Judge

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

[ ] No record filed
[X] Original record on appeal consisting of:

| **ENCLOSED:** | | **TO BE RETURNED AT LATER DATE:** |
|---|---|---|
| [1] | Volumes of pleadings | [ ] |
| [1] | Volumes of loose pleadings | [ ] |
| [ ] | Volumes of transcripts | [ ] |
| [ ] | Volumes of exhibits | [ ] |
| [ ] | Volumes of depositions | [ ] |
| [ ] | In Camera material | [ ] |
| [ ] | Other ______________ | [ ] |
| | Record being retained for use in Appeal No. ______________ | [ ] |

Copies of this notice sent to: Counsel of record
[ ] United States Marshal
[ ] United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date: ______________________ ______________________
(1071-120397) Deputy Clerk, U.S. District Court

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

CERTIFIED COPY

**JUDGMENT - WITH ORAL ARGUMENT**

**Date: July 29, 2005**

**BEFORE:** Honorable DANIEL A. MANION, Circuit Judge

Honorable ILANA DIAMOND ROVNER, Circuit Judge

Honorable DIANE S. SYKES, Circuit Judge

No. 04-1223

CHARLES R. ROBINSON, IV,
Petitioner - Appellant

v.

UNITED STATES OF AMERICA,
Respondent - Appellee

Appeal from the United States District Court for the Central District of Illinois
No. 03 C 3059, Richard Mills, Judge

The judgment of the District Court is AFFIRMED, in accordance with the decision of this court entered on this date.

(1061-110393)

A True Copy:
Teste:
Clerk of the United States Court of Appeals for the Seventh Circuit

CERTIFIED COPY

# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 04-1223

CHARLES R. ROBINSON, IV,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 03 C 3059—**Richard Mills**, *Judge.*

ARGUED APRIL 7, 2005—DECIDED JULY 29, 2005

Before MANION, ROVNER, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* This appeal presents the question of when a federal conviction "becomes final" for purposes of the one-year limitations period for pursuing collateral relief under 28 U.S.C. § 2255, ¶ 6(1). The government argues that finality attaches to a judgment of conviction when the Supreme Court affirms on the merits on direct review or denies a petition for a writ of certiorari, or the time for filing a certiorari petition expires. Petitioner Charles Robinson argues that a judgment of conviction does not become final until the Supreme Court denies a

petition for rehearing a denial of certiorari, or the time for filing such a petition expires.

The government is correct. Pursuant to *Clay v. United States*, 537 U.S. 522, 527 (2003), *Horton v. United States*, 244 F.3d 546, 551 (7th Cir. 2001), and *United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000), finality attaches for purposes of the one-year limitations period of § 2255, ¶ 6(1) when the Supreme Court affirms on the merits on direct review or denies certiorari, or the time for filing a certiorari petition expires, not the later date when the Court denies a petition for rehearing a denial of certiorari or the time for filing such a petition expires. Because Charles Robinson filed his § 2255 motion more than one year after the Supreme Court denied his petition for certiorari, the district court properly dismissed it as untimely.

## I. Background

This is the fourth time Robinson's case has come before this court. Robinson was convicted in December 1997 of three felonies: possession of cocaine with intent to distribute, possession of cocaine base with intent to distribute, and simple possession of cocaine base. Given Robinson's extensive criminal history, the imposition of a number of enhancements under the Sentencing Guidelines, and the district court's finding that Robinson was responsible for more than 500 grams of crack, he was sentenced to a term of 100 years in prison. This court affirmed his convictions on direct appeal but remanded for resentencing, having concluded that the evidence of drug quantity was unreliable. *United States v. Robinson*, 164 F.3d 1068 (7th Cir. 1999). On remand the district court held a new sentencing hearing at which several witnesses testified to the drug quantity issue. Concluding once again that Robinson was responsible for more than 500 grams of crack, the judge reimposed the 100-year sentence. *United States v. Robinson*, 76

F. Supp. 2d 941 (C.D. Ill. 1999). Finding no clear error in the district court's reliance on the new evidence, this court affirmed in an unpublished order. *United States v. Robinson*, No. 99-4071, 215 F.3d 1331, 2000 WL 689182 (7th Cir. May 23, 2000).

The Supreme Court later granted Robinson's petition for certiorari and summarily reversed and remanded for reconsideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Robinson v. United States*, 531 U.S. 1005 (2000). On remand we held that Robinson's argument failed the fourth prong of plain-error review and affirmed the sentence. *United States v. Robinson*, 250 F.3d 527 (7th Cir. 2001). Robinson again petitioned for a writ of certiorari, which the Supreme Court denied on October 1, 2001. He petitioned for rehearing, but that, too, was denied on March 18, 2002.

On March 14, 2003, Robinson filed for postconviction relief pursuant to § 2255, asserting ineffective assistance of counsel and *Apprendi* arguments. The district court concluded the motion was not timely filed, relying on this court's decision in *Marcello*, 212 F.3d at 1008, which held that a conviction becomes final for purposes of the one-year limitations period in § 2255 when the defendant's petition for certiorari is denied. Because Robinson filed his § 2255 motion more than one year after the Supreme Court denied his petition for certiorari, the district court denied it as untimely. This court issued a certificate of appealability limited to the ineffective assistance of counsel issue and ordered counsel appointed. The order also requested briefing on the limitations issue that the district court found dispositive.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a

motion pursuant to § 2255 must be filed within one year of four possible dates, one of which is relevant to this case: the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255, ¶ 6(1). The statute does not define finality. However, the Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay*, 537 U.S. at 527 (citing *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983); *United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982); and *Linkletter v. Walker*, 381 U.S. 618, 622 n.5 (1965)).

Robinson contends that an order denying certiorari is a "qualified" order because Supreme Court Rule 44 allows a petition for rehearing within 25 days of the denial of certiorari. In this sense, he argues, the denial of certiorari is not really complete until the Court denies a petition for rehearing, or the time for filing a petition for rehearing expires. The Supreme Court has not directly addressed the effect of rehearing procedure on the finality of a conviction for purposes of § 2255. But we held in *Horton* that the availability of a petition for rehearing a denial of certiorari has no effect on the finality of a conviction for purposes of § 2255. *Horton*, 244 F.3d at 551. The Supreme Court's decision in *Clay*, decided after *Horton*, reinforces our decision.

In *Clay*, the Court was asked to decide when finality attaches for purposes of postconviction review in a case where the federal prisoner brought an unsuccessful direct appeal but then failed to petition for certiorari. *Clay*, 537 U.S. at 524. Rather than accept the government's argument that finality attached when the appellate court issued its mandate in the direct appeal, the Court followed what it characterized as its "consistent understanding of finality

in the context of collateral review" and held that finality attached when the time for filing a certiorari petition expired. *Id.* The Court held that in the postconviction context, "finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Id.* at 527. Just last month, in a case involving another of the statutory triggers to § 2255's one-year limitations period, the Supreme Court reiterated *Clay*'s statement of the finality rule in the postconviction context. *See Dodd v. United States*, 125 S. Ct. 2478, 2480 (2005).

Robinson points to a minor variation in the Supreme Court's iteration of the finality rule in an effort to cast doubt on its operation. He argues that although the Court has held that finality attaches when certiorari has been denied, it has occasionally said a conviction becomes final "when certiorari has been *finally* denied," *Caspari*, 510 U.S. at 390; *Griffith*, 479 U.S. at 321 n.6, implying that there is a difference between denial and "final denial" of certiorari. But there is no difference. Unlike procedure in the appellate court, where the timely filing of a petition for panel rehearing automatically stays the court's mandate, *see* FED. R. APP. P. 41(d)(1), under Supreme Court Rule 16.3 the filing of a petition for rehearing a denial of certiorari has no effect, absent a specific order of the Court or a Justice thereof:

> Whenever the Court denies a petition for writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. *The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.*

SUP. CT. R. 16.3 (emphasis added).

We noted this distinction in *Horton* and concluded that the opportunity to petition for rehearing of a denial of certiorari has no impact on the finality of convictions for purposes of the one-year limitations period under § 2255. *Horton*, 244 F.3d at 551. There, certiorari was denied and petitioner Horton did not seek rehearing. One year and two days after the denial of certiorari he filed a habeas petition in district court. The district court noted the untimeliness issue but reached the merits anyway and denied relief on substantive grounds. *Id.* at 549. On appeal the government urged affirmance on the alternate ground of untimeliness; Horton responded that the one-year limitations period under § 2255, ¶ 6(1) did not begin to run until 25 days after certiorari was denied, taking into consideration the time allowed by Supreme Court rule for a petition for rehearing. *Id.* at 550; *see* SUP. CT. R. 44.2 (providing that a petition for rehearing of an order denying certiorari shall be filed within 25 days after the date of the order of denial).

We rejected Horton's argument, holding that because Supreme Court Rule 16.3 makes the denial of certiorari effective upon entry on the Court's docket, the filing of a petition for rehearing has no effect on the finality of the conviction. *Horton*, 244 F.3d at 550. Once certiorari is denied, no federal court needs to take any further action to dispose of the case. *Id.* at 550-51. The conviction is therefore final for purposes of postconviction relief, and the clock starts to run on the one-year limitations period in § 2255, "irrespective of the opportunity to petition the Supreme Court for rehearing." *Id.* at 551.

Robinson acknowledges *Horton* but asks us to revisit the holding of that case in light of language in *Simpson & Co. v. Commissioner of Internal Revenue*, 321 U.S. 225 (1944) and *Flynn v. United States*, 75 S. Ct. 285 (1955). In *Simpson*, the Supreme Court was asked to decide whether it could entertain an out-of-time petition for rehearing a

denial of certiorari in light of a provision in the Internal Revenue Code deeming the decisions of the Board of Tax Appeals (predecessor to the Tax Court) final upon denial of a petition for certiorari or expiration of 30 days from issuance of the Supreme Court's mandate. *Simpson*, 321 U.S. at 227. The Court held that the tax statute by its terms prevented the Court from hearing the petitioner's claim. *Id.* at 230. Robinson points to the following language in *Simpson*:

> No mandate issues on denial of certiorari, and after a final decision the mandate does not issue until expiration of the 25-day period within which petition for rehearing may be filed. If, therefore, we follow the practice heretofore observed, by which we regard denials of certiorari as qualified until the 25-day period expires, we put the denial and the decision on a generally equal basis except as Congress has seen fit to give the latter an additional thirty days before finality.

*Id.* at 229-30. Robinson contends that *Simpson*'s characterization of denials of certiorari as "qualified" should, in turn, qualify *Clay*'s holding that finality for postconviction purposes attaches when certiorari is denied. Thus, Robinson argues, a "final" denial of certiorari occurs only after the period for rehearing has elapsed or, if rehearing is requested, when it is denied.

To read *Simpson* as a limitation on *Clay* would require us to ignore the Court's current rules and its unequivocal pronouncement on the issue of finality in the postconviction context in *Clay* itself. The Supreme Court's rules have changed since *Simpson*. Former Rule 34, the predecessor to Rule 16.3, was silent on whether an order denying certiorari was suspended pending disposition of a rehearing petition; as noted above, however, current Rule 16.3 specifically provides that "[t]he order of denial will not be suspended pending disposition of a petition for rehearing

except by order of the Court or a Justice." Thus, under the current rules, "the denial of certiorari is effective when issued and it disposes of the case before the Supreme Court." *Horton*, 244 F.3d at 551 (citing SUP. CT. R. 16.3; *Marcello*, 212 F.3d at 1008). Furthermore, the court was straightforward in its 2003 holding in *Clay*: "Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay*, 537 U.S. at 527. The Court could have added the 25-day rehearing window to this formulation, but did not.

Robinson also extrapolates certain language in *Flynn*, 75 S. Ct. at 286, to support his argument that denials of certiorari are "qualified" in nature. *Flynn* is a 1955 in-chambers opinion issued by Justice Frankfurter withholding the Court's order of denial of certiorari in a criminal case. Justice Frankfurter granted the defendants' request pursuant to then-Rule 25 of the Supreme Court, which authorized a Justice to direct the Clerk to withhold notification of the denial of certiorari. Along the way to granting the defendants' request, Justice Frankfurter offered the following general comment on the availability of rehearing:

> The right to [rehearing] is not to be deemed an empty formality as though such petitions will as a matter of course be denied. This being so, the denial of a petition for certiorari should not be treated as a definitive determination in this Court, subject to all the consequences of such an interpretation.

*Id.* at 286.

This passage does not assist Robinson. The *Flynn* defendants were at the Supreme Court requesting a withholding of the Court's notification of the denial of certiorari in order to prevent the revocation of their bail, which was to occur automatically, pursuant to the district court's order, upon affirmance of their convictions by the Court of

Appeals. Justice Frankfurter withheld the order for five days, long enough for the defendants to file their motion for rehearing of the denial of certiorari. He engaged in no consideration of whether a denial of certiorari is "definitive" for purposes of conferring finality in the postconviction context; the opinion therefore cannot be read as having a substantive effect on the question of finality under § 2255, ¶ 6(1), particularly in light of the current text of Rule 16.3.

Our holding in *Horton* is consistent with that of every other circuit court that has considered this issue. *United States v. Segers*, 271 F.3d 181, 184 (4th Cir. 2001) (absent the issuance of a suspension order by the Court or a Justice thereof, the conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitations under § 2255, ¶ 6(1) when the Court denies certiorari, rejecting prisoner's argument that period begins only upon expiration of 25-day period for rehearing); *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000) (same); *United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000) (same); *see also United States v. Campa-Fabela*, 339 F.3d 993, 994 (8th Cir. 2003) (finding persuasive the reasoning of the courts that have specifically addressed the rehearing petition issue in the AEDPA context, relying on Supreme Court Rule 16.3). We perceive no compelling reason to overrule *Horton* and create a split among the circuits on this quite basic and recurring issue.

Applying *Horton*, Robinson's petition for rehearing the denial of his certiorari petition had no effect on the finality of his conviction. Pursuant to *Clay*, *Horton*, and *Marcello*, Robinson's conviction became final for purposes of § 2255, ¶ 6(1) on October 1, 2001, when the Supreme Court denied his petition for certiorari. Robinson filed his § 2255 motion for postconviction relief on March 14, 2003, more than one

year after his conviction became final.[1] The district court properly denied it as untimely.

AFFIRMED.

A true Copy:

Teste:

Clerk of the United States Court of Appeals for the Seventh Circuit

[1] Robinson makes a cursory fallback argument that the limitations period should be equitably tolled because he justifiably relied on the denial of his rehearing petition as the date on which his conviction became final. This argument is foreclosed by *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is granted sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing; a mistaken understanding about the deadline for filing is not grounds for equitable tolling. *Id.*